UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:26-CV-00197-BO-BM

| | | |
|---|---|---|
| GILBERT BRYAN, | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S MEMORANDUM** |
| | ) | **IN SUPPORT OF MOTION TO** |
| v. | ) | **DISMISS PLAINTIFF'S** |
| | ) | **COMPLAINT** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Gilbert Bryan (Bryan) filed the instant complaint under the Declaratory Judgment Act (DJA), 28 U.S.C. § 2201(a), and the Administrative Procedures Act (APA), 5 U.S.C. §§ 555(b) and 706(1), seeking declaratory judgment and injunctive relief against the United States to compel the Internal Revenue Service (IRS) to complete processing his 2023 Form 1040 U.S. Individual Income Tax Return. Bryan's suit, despite his characterization as one seeking to compel processing of his tax return, would interfere with the IRS assessment of his federal income and is barred under the Anti-Injunction Act (AIA), 28 U.S.C. § 7421, and DJA, and therefore the Court should dismiss the complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of jurisdiction because AIA and DJA bar suits that prevent the United States from assessing and collecting any tax.

# BACKGROUND[1]

On March 30, 2026, Bryan filed the instant complaint, seeking declaratory judgment and an injunction to compel the IRS "to complete processing of [Bryan's] tax year 2023 Form 1040 return, or alternatively, to issue a formal determination regarding said return." [D.E. 1, ¶ 2]. Bryan does not seek "monetary damages or adjudication of the merits of any tax refund claim in this action." *Id.*, ¶ 3.

Bryan's complaint raises one count for relief. *Id.*, ¶¶ 37–48. Bryan contends on or about May 4, 2024, he filed his 2023 Form 1040 U.S. Individual Income Tax Return, his Form 1099-OID, and Form 1040-V with the IRS and on or about May 21, 2024, Bryan "submitted an additional form 1040-V to the IRS. *Id.*, ¶¶ 13–14. In June 2024, Bryan mailed the IRS copies of the aforementioned tax forms "to ensure receipt" and in August 2024 the IRS sent him a written acknowledgment of its receipt of his form 1040 Individual Tax Return. *Id.,* ¶¶ 15–16. The IRS sent Bryan a request for additional documentation on or about September 10, 2024 and he responded on or about September 16, 2024 and the IRS confirmed "by telephone that no further documentation was required from [Bryan]." *Id.*, ¶¶ 17–19.

Thereafter, Bryan received no further communication from the IRS and on January 6, 2025, he submitted IRS Form 911, a request for taxpayer advocate services assistance. *Id.*, ¶ 20. The IRS sent Bryan a letter on or about February 11, 2025, stating that it was working on his 2023 tax return and requested an additional

[1] The factual allegations referenced herein are taken from Bryant's Complaint for purposes of the motion to dismiss and are not a concession by the United States.

60 days to complete the processing. [D.E. 1, ¶ 21]. From March 19, 2025, to April 20, 2025, Bryant received documents from the Taxpayer Advocate Service but not the requested tax return information. *Id.*, ¶¶ 22–25. On or about June 1 and 3, 2025, and on or about July 21, 2025, Bryan submitted and resubmitted IRS Form 843, claims for refund and request for abatement. *Id.*, ¶¶ 26–27, 30. On or about July 2, 2025, Bryan emailed IRS Form 4506, request for tax request for copy of tax return. *Id.*, ¶ 28.

According to Bryan, the IRS sent him a "'Frivolous Filing'" letter, which related to a prior matter and did not address his correspondence regarding his 2023 Form 1040 U.S. Individual Income Tax Return. *Id.*, ¶ 29. On December 1, 2025, Bryant sent a letter to the IRS Chief Counsel regarding the delay in processing his 2023 Form 1040 U.S. Individual Income Tax Return. On December 21, 2025, Bryant sent the IRS a final notice of intent to sue letter. *Id.*, ¶¶ 31–32.

In January 2026 Bryan called the IRS and during a phone call "the IRS indicated that [Bryant's] matter was being referred to processing department." *Id.*, ¶ 32.[2] "during subsequent telephone contact with the IRS, [Bryant] was informed that no department had responded to the referral and that the location of [Bryant's] file was unknown." *Id.*, ¶ 33.

---

[2] Bryant's Complaint contains a typographical error. He numbered two separate paragraphs, "32."

**LEGAL STANDARD**

"The district courts of the United States are courts of limited subject matter jurisdiction." *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). As such, "district courts of the United States are courts of limited subject matter jurisdiction" *Id.* A motion made to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction tests whether the Court has jurisdiction to adjudicate the claim and should be considered because "[s]ubject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (case citations omitted). When a defendant challenges subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction to survive a motion to dismiss. *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In such a challenge, the Court must "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.*

**ARGUMENT**

**I.      The AIA and DJA preclude subject matter jurisdiction because Bryan seeks declaratory and injunctive relief.**

The AIA bars a suit for the purpose of restraining the assessment or collection of any tax. 26 U.S.C. § 7421(a) (barring with certain exceptions, "suit[s] for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such

4

tax was assessed."). The AIA's principal purpose is "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference[.]"" *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736-37 (1974) (citing *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962)). Accordingly, "courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes." *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 405 (4th Cir. 2003); *Estate of Michael ex rel. Michael v. Lullo*, 173 F.3d 503, 506 (4th Cir. 1999).

The AIA is far-reaching and applies "broadly to include activities that are intended to or may culminate in the assessment or collection of taxes." *Judicial Watch, Inc.*, 317 F.3d at 405. "Regardless of how the claim is labelled," jurisdiction is barred under the AIA if "the effect of an injunction here is to interfere with the assessment or collection of a tax" *Int'l Lotto Fund v. Va. State Lottery Dep't,* 20 F.3d 589, 591 (4th Cir. 1994). A plaintiff "is not free 'to define the relief it seeks in terms permitted by the Anti-Injunction Act' while 'ignor[ing] the ultimate deleterious effect such relief would have on the Government's taxing ability.'" *Id.* (quoting *Educo, Inc. v. Alexander*, 557 F.2d 617, 620 (7th Cir. 1977)); *see also Bob Jones Univ.*, 416 U.S. at 726-27.

Under the DJA, "[i]n a case of actual controversy within its jurisdiction , except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986," and other exceptions not relevant here, "any court of the United States, upon the filing of an appropriate pleading, may declare the

5

rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." *See* 28 U.S.C. § 2201(a); *see also* R*etfalvi v. Comm'r of Internal Revenue Serv.*, 216 F. Supp. 3d 648, 653 (E.D.N.C. 2016). As the Fourth Circuit Court of Appeals noted in *In re Leckie Smokeless Coal Co.*, 99 F.3d 573, 582 (4th Cir. 1996), the DJA "cannot be regarded as a jurisdictional bar, *per se*, because '[t]he Act does not itself confer subject matter jurisdiction, but, rather, makes available an added anodyne for disputes that come within the federal courts' jurisdiction on some other basis.'" *Id*.

Like the AIA, the DJA bars federal courts from providing declaratory relief "with respect to federal taxes." 28 U.S.C. § 2201(a). "Though the [AIA] concerns federal courts' subject matter jurisdiction and the tax-exclusion provision of the [DJA] concerns the issuance of a particular remedy, the two statutory texts are, in underlying intent and practical effect, coextensive." *Leckie Smokeless Coal Co.*, 99 F.3d at 583. In other words, "with respect to Federal taxes" in the DJA means the same as "with respect to the assessment or collection of taxes" in the AIA. *Cohen v. United States*, 650 F.3d 717, 727 (D.C. Cir. 2011); *see also Sigmon Coal Co. v. Apfel*, 226 F.3d 291, 299–300 (4th Cir. 2000), *aff'd sub nom. Barnhart v. Sigmon Coal Co.*, 534 U.S. 438 (2002).

This is true even where a plaintiff seeks a court order "compelling the IRS merely to 'process the amended returns,' any such relief is barred by the Anti-Injunction Act, and by the carve-out in the Declaratory Judgment Act, which

prohibits the Court from issuing declaratory relief in any form that would interfere with the administration of tax collection." *See Garavaglia v. United States*, 648 F. Supp. 3d 887, 895 (E.D. Mich. 2022); *see also Int'l Lotto Fund,* 20 F.3d at 592 (holding "[n]othing in the Anti–Injunction Act conditions its applicability on an antecedent determination of withholding status by the IRS. Courts have found the Anti–Injunction Act to apply in numerous cases where the IRS had yet to make a final determination of the plaintiff's tax liability."). Accordingly, a suit like this one–seeking a declaratory judgment or injunction with regard to the processing of a tax return–is construed as challenging the collection of tax and therefore, the Court lacks jurisdiction.

This result does not change just because Bryan also sued under the jurisdictional grant of the APA. The APA supplies a right to seek judicial review of federal agency action and waives sovereign immunity for lawsuits seeking declaratory and injunctive relief. *See* 5 U.S.C. § 702; *see also Randall v. United States*, 95 F.3d 339, 346 (4th Cir. 1996). However, a plaintiff "cannot rely upon the APA to obtain injunctive or declaratory relief that is barred by the [AIA] or the [DJA]." *Larson v. United States*, No. 16-CV-00245 (VEC), 2016 WL 7471338, at *7 n. 12 (S.D.N.Y. Dec. 28, 2016), *aff'd,* 888 F.3d 578 (2d Cir. 2018). The waiver of sovereign immunity, and APA review itself, are "available only for 'final agency action *for which there is no other adequate remedy in a court*.'" *Id*. (quoting 5 U.S.C. § 704) (emphasis in original); *see also Amador v. Mnuchin*, 476 F. Supp. 3d 125, 142 (D. Md. 2020). Thus, APA jurisdiction requires inquiry into whether other statutes permit judicial

7

consideration of the plaintiff's alleged injury. *See U.S. Army Corps of Eng'rs v. Hawkes Co.*, 136 S. Ct. 1807, 1815 (2016).

The question is whether a refund suit under 26 U.S.C. § 7422 is also an "other adequate remedy in a court" 5 U.S.C. § 704. If it is, the AIA applies and Bryan may not rely on the APA's jurisdictional grant. *See, e.g., Bob Jones Univ.*, 416 U.S. at 736; *Sigmon Coal Co.*, 226 F.3d at 299. The AIA permits jurisdiction in two limited circumstances where suits seek to restrain the assessment or collection of tax: if "it is clear that under no circumstances could the Government ultimately prevail," *Williams Packing*, 370 U.S. at 7, and if Bryan will suffer harm for which no alternative remedy exists, *see South Carolina v. Regan*, 465 U.S. 367, 378 (1984).

The Fourth Circuit answered the question in the affirmative; a refund suit under 26 U.S.C. §7422 is an adequate remedy in court. The tax refund scheme is primarily intended "to insure an orderly administration of the revenue." *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 11 (2008) (quoting *United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 272 (1931)). The "manifest purpose" of the AIA "is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue." *Williams Packing*, 370 U.S. at 7. Indeed, "[a]llowing taxpayers to litigate their tax liabilities prior to payment might threaten a government's financial security," which is an "exceedingly strong" interest. *McKesson Corp. v. Div. of Alcoholic Beverages and Tobacco,* 496 U.S. 18, 37 (1990).

Here, once the IRS determines Bryan's tax liability, he may file suit for a refund under Section 7422. Thus, Bryan does have a remedy under law.

## CONCLUSION

For the above-stated reason, the Court lacks jurisdiction and must therefore, dismiss Bryan's Complaint.

Respectfully submitted this 29th day of May 2026.

W. ELLIS BOYLE
United States Attorney

BY: */s/ Michael G. James*
MICHAEL G. JAMES
Assistant United States Attorney
U. S. Attorney's Office Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
E-mail: mike.james@usdoj.gov
N.Y. Reg. No. 2481414
Attorney for the United States

**CERTIFICATE OF SERVICE**

This is to certify that on this 29th day of May 2026, undersigned counsel or a designee filed the foregoing Memorandum in Support of the Motion to Dismiss via the District Court's CM/ECF Document Filing System and placed in the U.S. Mail addressed to:

Gilbert Bryan
5506 Dodge Drive
Fayetteville, North Carolina 28303

*/s/ Michael G. James*
MICHAEL G. JAMES
Assistant United States Attorney
U. S. Attorney's Office Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
E-mail: mike.james@usdoj.gov
N.Y. Reg. No. 2481414
Attorney for the United States

10