UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:26-CV-00197-M-BM

GILBERT BRYAN, )
)
Plaintiff, )
) DEFENDANT'S RULE 26 (f)
v. ) REPORT AND PROPOSED
) DISCOVERY PLAN
UNITED STATES OF AMERICA, )
)
Defendant. )

Defendant United States of America (Defendant), by and through the United States Attorney for the Eastern District of North Carolina, submits its Report and Proposed Scheduling Order pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1(e)(2).

1. Defendant filed a motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction and a motion to stay discovery. [D.E. 7, D.E. 13]. Plaintiff opposes the motion to stay discovery. Plaintiff filed a response in opposition to the motion to dismiss and a memorandum. [D.E. 12, D.E. 14]. The motion to dismiss has been referred to United States Magistrate Judge Brian S. Meyers. [Text Order dated June 24, 2026].

2. Defendant asserts the Court should dismiss Plaintiff's Complaint at the pleadings stage and respectfully objects to conducting any discovery prior to the Court's ruling on the motion to dismiss. Plaintiff is a pro se litigant and therefore undersigned counsel, Michael G. James, Assistant U.S. Attorney, representing

Defendant, conferred with Plaintiff by email on June 19, 2026, and informed Plaintiff of its position regarding a stay of discovery pending the Court's resolution of the pending motion to dismiss. Plaintiff proposed limited discovery on the issue of the Court's subject-matter jurisdiction. Defendant contends jurisdiction is a legal, not factual issue subject to discovery. On June 30, 2026, Defendant sent Plaintiff an email re-emphasizing its position and a draft of Defendant's proposed discovery plan. As of this filing, Plaintiff did not respond to Defendant's email. Defendant submits its own proposed discovery plan.*

3.     Initial Disclosures. Defendant respectfully objects to making initial disclosures. Defendant has moved to stay discovery.

4.     Discovery Plan. Without waiving the asserted objection to conducting discovery prior to the resolution of the pending motion to dismiss, Defendant proposes the following discovery plan:

A. Discovery shall commence if the Court denies Defendant's motion to dismiss. Discovery, if any, shall be completed within twelve months, July 1, 2027.

B. Discovery will be needed on the following subjects:

i. All factual bases for any claims, defenses and/or affirmative defenses to the allegations and claims set forth within Plaintiff's Complaint; and

---

* This submitted version of Defendant's proposed discovery plan differs slightly from the draft provided to Plaintiff.

2

ii. All facts supporting Plaintiff's allegations, legal theories, and prima facie burdens in this case.

C. <u>Interrogatories</u>. The maximum number of interrogatories under Fed. R. Civ. P. 33 propounded by each party to any other party will be 25 (including all discrete subparts), to be answered within 30 days after service. In accordance with Local Civil Rule 33.1 and to facilitate discovery responses, the party promulgating discovery shall provide opposing counsel/ pro se litigant with an electronic copy of the interrogatories in Word format.

D. <u>Request for Admissions</u>. The maximum number of requests for admission under Fed. R. Civ. P. 36 propounded by each party to any other party will be 25, to be answered within 30 days after service. In accordance with Local Civil Rule 36.1 and to facilitate discovery responses, the party promulgating discovery shall provide opposing counsel/ pro se litigant with an electronic copy of the requests in Word format.

E. <u>Depositions</u>. Each party is permitted to take a maximum of ten (10) depositions not including depositions *de bene esse* taken outside the period of discovery in accordance with Local (Civil) Rule 32.1. The parties reserve the right to seek the Court's permission to take additional depositions if warranted by the needs of the case. The depositions shall be completed within the time prescribed by the

3

Federal Rules of Civil Procedure. This time limitations shall be calculated by the time the deponent is under oath and providing testimony.

F. <u>Expert Reports</u>. Disclosures of reports from retained experts shall be provided pursuant to Rule 26(a)(2) within 90 days before the close of discovery. Any rebuttal reports shall be produced within 30 days of expert disclosures. Each party will bear the fees and costs of its own retained expert(s), including the costs and fees associated with their preparation for deposition(s); provided, however, that the party noticing the deposition of a retained expert shall pay for the travel time and expenses to and from the deposition location and the time spent in the deposition.

G. <u>Requests for production</u>. A maximum of 25 requests for production of documents under Fed. R. Civ. P. 34 shall be propounded by each party to any other party. Responses shall be due 30 days after service. In accordance with Local (Civil) Rule 33.1 and to facilitate discovery responses, the party promulgating discovery shall provide opposing counsel/ pro se litigant with an electronic copy of the requests for production of documents in Word format.

H. <u>Supplementation</u>. Supplementations shall be made in a timely manner as set forth in Rule 26(e) or as otherwise ordered by the Court.

I. <u>Electronically Stored Information ("ESI")</u>: If necessary, Plaintiff shall submit reasonable and narrowly construed search terms to Defendant. Defendant will attempt to agree upon search terms with Plaintiff and if they cannot do so, Defendant will seek the assistance of the Court. Once the search terms have been agreed upon or determined by the Court, Defendant will search for the terms on their servers where ESI is stored. Following appropriate review, information discovered using the terms shall be provided pursuant to the Federal Rules of Civil Procedure or as otherwise ordered by the Court. Discoverable electronically stored information will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or in such other form as is reasonably usable and electronically searchable. Any ESI not provided shall be included in a privilege log to be provided within thirty (30) days of ESI production. There are no issues regarding claims of privilege and/or protection of trial preparation materials that need to be addressed at this time.

J. <u>Clawback Agreement</u>. An inadvertent disclosure of privileged or trial-preparation materials (absent a clear intention of the intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such

documents mistakenly produced after discovery of the inadvertent production. Upon request, any such mistakenly produced documents shall be returned. In the event of a dispute over use of any privileged materials, the receiving party must sequester or destroy all copies and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

K. <u>Protection of confidential or proprietary information</u>. Should the need arise, any party seeking protection of information or documents sought by the requesting party shall file a motion to enter a mutually agreeable protective and/or production order pursuant to Fed. R. Civ. P. 26(c) promptly to allow timely discovery responses.

L. <u>Service of discovery material</u>. Discovery materials (including but not limited to interrogatories, requests for production of documents, depositions by written questions, notices to take a deposition, subpoenas, expert witness designations, expert witness reports, requests for admissions, and answers and responses or objections thereto) may be served via e-mail only and/or exchanged by other electronic means. With respect to subpoenas commanding the production of documents, electronically stored information, or tangible things from a third-party, the notice requirements of Fed. R. Civ. P. 45(a)(4) are met when a copy of the subpoena is served on

6

opposing counsel/ pro se litigant via e-mail on the same day that it is sent to the entity to which it is directed. Copies of all documents or electronically stored information pertaining to a party to this action that is obtained via third-party subpoena shall be provided by the party which issued the subpoena to the attorney of the party about which the documents or information pertains upon request.

5.   Other Items.

A.  Defendant does not request a meeting with the Court before the entry of a scheduling order.

B.  At this juncture, Defendant agrees that the Court will consider, *inter alia*, whether leave to amend should be granted pursuant to Rules 15 and/or 16 of the Federal Rules of Civil Procedure.

C.  Defendant will select a mediator within 21 days of entry of the Scheduling Order pursuant to Eastern District Local Alternative Dispute Resolution Rule 101.1c.

D.  Defendant will agree upon a dispositive motion briefing schedule within 60 days after close of discovery.

E.  Defendant requests a final pretrial conference 30 days before the trial date.

F.  Pretrial disclosures required under Rule 26(a)(3) shall be made at least 28 days before the final pretrial conference as set forth in Local Civil Rule 16.1(b).

G. Objections to the pretrial disclosures required under Rule 26(a)(3) shall be served at least 21 days before the final pretrial conference as set forth in Local Civil Rule 16.1(b).

H. Defendant requests a trial date after ruling upon dispositive motions filed in the case. The estimated trial length is 3 days.

Respectfully submitted this 1st day of July 2026.

W. ELLIS BOYLE
United States Attorney


*/s/ Michael G. James*
MICHAEL G. JAMES
Assistant United States Attorney
U. S. Attorney's Office Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
E-mail: mike.james@usdoj.gov
N.Y. Reg. No. 2481414
Attorney for the United States

8

CERTIFICATE OF SERVICE

This is to certify that on this 1st day of July 2026, undersigned counsel or a designee filed the foregoing Defendant's Rule 26 (F) Report and Proposed Discovery Plan via the District Court's CM/ECF Document Filing System and placed a copy of the same in the U.S. Mail addressed to:

Gilbert Bryan
5506 Dodge Drive
Fayetteville, North Carolina 28303

W. ELLIS BOYLE
United States Attorney


 */s/ Michael G. James*
MICHAEL G. JAMES
Assistant United States Attorney
U. S. Attorney's Office Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
E-mail: mike.james@usdoj.gov
N.Y. Reg. No. 2481414
Attorney for the United States

9